

U.S. Department of Justice

Criminal Division

*1400 New York Avenue, NW*
*Washington, DC 20005*

September 17, 2025

**Via ECF**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building &
    United States Courthouse
50 Walnut Street, Courtroom 5B
Newark, New Jersey 07101

    Re:    <u>*United States v. Nadarajah*,</u> **Case No. 23-cr-891 (D.N.J.)**

Dear Judge Cecchi,

    The United States, through undersigned counsel, respectfully writes to update the Court on the U.S. Court of Appeals for the Seventh Circuit's ruling in *United States v. Smith*, -- F.4th --, 2025 WL 2406104 (7th Cir. Aug. 20, 2025), in which the Seventh Circuit again affirmed fraud convictions in a spoofing case. At oral argument on the pending motions to dismiss in this case, this Court asked if there were any post-*Ciminelli* spoofing cases. *Smith* is the first and confirms the Court should deny the Defendant's motions.[1]

    In *Smith*, the defendants traded precious metals futures contracts by "employ[ing] a fraudulent scheme, known as spoofing, to game the system and manipulate the prices of the" futures contracts for their own benefit. *Id.* at *1. As the Seventh Circuit explained, "spoofing" involves placing large orders that the trader does not intend to actually execute, thus creating an illusion of market activity that affects market prices and "allow[s] the trader to execute the genuine order at his desired price." *Id.* For their spoofing scheme, the defendants were convicted of offenses including wire fraud in violation of 18 U.S.C. § 1343. *Id.* at *1–2. The Seventh Circuit affirmed the convictions. *Id.*

    In affirming, the Seventh Circuit explained that its "task is made easy by the Supreme Court's decision in *Kousisis*," which made clear that "a fraud conviction can stand if the defendant did no more than use a material misstatement to trick a victim into a contract that requires handing over her money or property." *Id* at *5–6 (cleaned up). The Seventh Circuit cited *Ciminelli* for the proposition that a scheme to defraud must target property, and "easily conclude[d] based on well-established precedent that spoofing constitutes a scheme to defraud within the meaning of the wire and commodities fraud

---

[1] The Court also asked about the status of the appeal in *United States v. Constantinescu*, No. 24-20143 (5th Cir.). As an update, the Fifth Circuit held oral argument in that matter on September 3, 2025. The appeal is now ripe for resolution.

statutes." *Id.* at *11, *13 (citing *United States v. Pacilio*, 85 F.4th 450, 460 (7th Cir. 2023); *United States v. Chanu*, 40 F.4th 528, 541 (7th Cir. 2022); *United States v. Coscia*, 866 F.3d 782, 797 (7th Cir. 2017)). The Seventh Circuit rejected the defendants' "benefit of the bargain" argument, explaining that *Kousisis* "directly abrogated" such benefit-of-the-bargain cases. *See id.* at *11–12 (recognizing as abrogated, *inter alia*, *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016)). The court explained, "[i]t bears noting that the defendants' argument would fail even without *Kousisis*," because "spoofing is more akin to theories of securities fraud and fraud-on-the-market, which predicate liability on misrepresentations that undermine the integrity of the marketplace." *Id.*

Just as in *Smith*, this Court's task is "made easy" by both *Kousisis* and *Smith*, which confirm this case should proceed to trial. *See id.* at *5.

Respectfully submitted,

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION

By:

 /s/ John J. Liolos
John J. Liolos, Trial Attorney
Amanda F. Lingwood, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
John.Liolos@usdoj.gov
(202) 768-2246

cc: counsel of record via ECF