**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
**williamburck@quinnemanuel.com**

October 6, 2025

**VIA ECF**
Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building &
  United States Courthouse
50 Walnut Street, Courtroom 5B
Newark, New Jersey 07101

  Re: **Government's Letter Regarding *United States v. Smith*, 150 F.4th 832 (7th Cir. Aug. 20, 2025) (ECF No. 121)**
     ***United States v. Jeyakumar Nadarajah*, No. 2:23-cr-891 (CCC) (D.N.J.)**

  Defendant Jeyakumar "Jack" Nadarajah, by and through undersigned counsel, submits this response to the Government's letter regarding *United States v. Smith*, 150 F.4th 832 (7th Cir. Aug. 20, 2025), (ECF No. 121). The Government is wrong in arguing that *Smith* "confirms [that] the Court should deny the Defendant's motions" to dismiss the wire fraud and securities fraud counts of the Indictment.[1] (ECF No. 121.) *Smith* did not address the critical issue in this case—whether, under *Ciminelli v. United States*, 598 U.S. 306 (2023), the conduct alleged in the Indictment constitutes wire fraud or securities fraud. It does not.

  In *Smith*, the U.S. Court of Appeals for the Seventh Circuit rejected the appellants' contention that their wire fraud and commodities fraud "convictions [could not] stand because spoofing does not involve a misrepresentation about an essential element of the bargain for futures contracts." (ECF No. 121-1 at 11.) The court held that *Kousisis v. United States*, 145 S. Ct. 1382 (2025), "forecloses the defendants' essential element of the bargain argument," and, on that basis, rejected the appellants' arguments and affirmed their fraud convictions. (*Id.* at 13.)

  But *Smith* did not address the key, controlling holding in *Ciminelli*: that a defendant cannot violate the wire fraud statute simply by scheming to deprive a victim of "potentially valuable economic information necessary to make discretionary economic decisions," because such information "is not a traditional property interest." *Id.* at 309. That latter holding is dispositive here. Mr. Nadarajah's motions to dismiss rely primarily on the argument that the conduct alleged in the Indictment cannot, as a matter of law, constitute wire fraud or securities fraud under *Ciminelli* because such conduct amounts to, at most, the deprivation of potentially valuable economic information necessary to make

---

[1] Mr. Nadarajah's motions to dismiss the wire fraud and securities fraud counts of the Indictment are ECF Nos. 40 and 41, respectively.

discretionary economic decisions. Indeed, the very first page of Mr. Nadarajah's motion to dismiss the wire fraud counts states this point precisely:

> First, to the extent the government purports to allege any scheme at all, it is a scheme to deprive trading counterparties of information; specifically, information about whether Mr. Nadarajah intended to cancel certain orders that he placed in the market. But the Supreme Court recently and unanimously reaffirmed that depriving someone of "potentially valuable economic information" that they might have used "to make discretionary economic decisions" does not violate the wire-fraud statute. *Ciminelli v. United States*, 598 U.S. 306, 309 (2023).

(ECF No. 40-1 at 1.) The same is true for Mr. Nadarajah's motion to dismiss the securities fraud counts:

> Just like the wire-fraud counts, the securities-fraud counts improperly allege deprivations of "potentially valuable economic information necessary to make discretionary economic decisions." *Ciminelli v. United States*, 598 U.S. 306, 309 (2023) (cleaned up). The Court should therefore dismiss the securities-fraud counts under Rule 10b-5(a) too.

(ECF No. 41-1 at 1.)

This conclusion is bolstered by numerous other decisions holding that information, without anything more (such as economic value), cannot constitute the requisite "money or property" on which charges of wire fraud and securities must be based. *See, e.g.*, *United States v. Chastain*, 145 F.4th 282, 293 (2d Cir. 2025) (holding that confidential business information that "lacks commercial value to the business" does not constitute "a traditional property interest"); *United States v. Miller*, 2023 WL 7346276, at *4–5 (N.D. Cal. Nov. 6, 2023) (noting that "[a]ccurate information about the source of the prescription drug[]" would not constitute "money or property" for purposes of the wire fraud and mail fraud statutes). In reaching its holding in *Chastain*, the Second Circuit noted that the wire fraud statute does not and should not "criminalize[] conduct that merely departed from traditional notions of fundamental honesty and fair play." 145 F.4th at 296.

In sum, although the *Smith* decision occurred later in time than the *Ciminelli* decision, the *Smith* court did not address, let alone foreclose, Mr. Nadarajah's arguments based on *Ciminelli*. Those arguments are simple and correct: the conduct described in the Indictment cannot constitute wire fraud or securities fraud because potentially valuable economic information necessary to make discretionary economic decisions (i.e., information about Mr. Nadarajah's intent when placing orders in the market) is not a traditional property interest.

For the reasons set forth in Mr. Nadarajah's motions—as well as those made at oral argument and in post-argument briefing—the wire fraud and securities fraud counts should be dismissed.

Respectfully submitted,
/s/ William A. Burck
William A. Burck
*Counsel for Defendant*
*Jeyakumar "Jack" Nadarajah*
