

U.S. Department of Justice

Criminal Division

*1400 New York Avenue, NW*
*Washington, DC 20005*

January 30, 2026

**Via ECF**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building &
    United States Courthouse
50 Walnut Street, Courtroom 5B
Newark, New Jersey 07101

    Re:    <u>United States v. Nadarajah</u>, **Case No. 23-cr-891 (D.N.J.)**

Dear Judge Cecchi,

    The United States, through undersigned counsel, respectfully writes to update the Court on the U.S. Court of Appeals for the Fifth Circuit's ruling in *United States v. Constantinescu*, 157 F.4th 392 (5th Cir. 2025), which reversed the district court's prior dismissal of the indictment in that matter. In multiple filings in this case, the Defendant relied on the now-reversed district court opinion. (*See, e.g.*, ECF Nos. 40–41, 49–50.) At oral argument on the pending motions to dismiss, this Court asked about the status of the appeal in *Constantinescu*, which was then pending and has now been resolved in the United States' favor. The Fifth Circuit's opinion confirms that the Defendant's reliance on a now-overturned district court opinion is misplaced.

    In *Constantinescu*, the defendants allegedly engaged in a social-media based securities fraud scheme. *Constantinescu*, 157 F.4th at 394. The indictment alleges the defendants intended to induce their social-media followers to purchase securities the defendants owned by posting false and misleading statements, including misrepresenting the defendants' trading positions and the potential price of securities, thereby artificially inflating the securities' prices and allowing the defendants to profit. *See id.* at 394. The district court dismissed that indictment relying primarily on *Ciminelli v. United States*, 598 U.S. 306 (2023), concluding the indictment merely alleged the defendants sought to deprive victims of information instead of a traditional property interest. *See id.*; (ECF Nos. 40–42, 49–50). The United States appealed that ruling to the Fifth Circuit, which reversed the district court.

    In reversing, the Fifth Circuit held the indictment sufficiently alleges a scheme and intent to defraud victims of a traditional property interest, namely, money. The Fifth Circuit rejected the defendants' *Ciminelli*-based argument that their social-media followers who traded were only deprived of information, explaining:

> The situation here is unlike that in *Ciminelli*. The indictment does not mention the right-to-control theory. Rather, it alleges that defendants

>induced their followers, through misrepresentations to purchase securities—that is, to part with their money or property. The indictment alleges a "fraudulent-inducement theory," under which a defendant "uses a material misstatement to trick a victim into a contract that requires handing over her money or property." *Kousisis,* 145 S. Ct. at 1388. The Supreme Court, when analyzing the fraudulent-inducement theory, confirmed that it "is not a repackaging of the right-to-control theory." *Id.* at 1398 (quotation cleaned up). The indictment does not run afoul of *Ciminelli* because it alleges defendants deprived their followers of a protected property interest by fraudulently inducing them to buy securities. . . . The indictment's allegation of defendants' fraudulently inducing their followers to purchase securities is sufficient to allege an injury.

*Constantinescu*, 157 F.4th at 395–97.

So too here. The Fifth Circuit's opinion in *Constantinescu* continues the significant and growing line of precedent that confirms the Defendant's reliance on *Ciminelli*-based arguments is misplaced.[1] Respectfully, this Court should reject the Defendant's arguments and deny the motions to dismiss.

Respectfully submitted,

LORINDA I. LARYEA
CHIEF, FRAUD SECTION

By:

*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
Amanda F. Lingwood, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
John.Liolos@usdoj.gov
(202) 768-2246

cc: counsel of record via ECF

---

[1] As previously submitted, those precedents include the Supreme Court's opinion in *Kousisis v. United States*, 604 U.S. 114 (2025) and *United States v. Smith*, 150 F.4 th 832, 844–45 (7th Cir. 2025), opinions both cited by the Fifth Circuit in *Constantinescu*. *See* 157 F.4th at 397; (ECF Nos. 106, 121).